STATE OF MAINE
K... .., Cler. ...ce
SJ...OR COURT

MAY 02 2002

R.......... ....
S.... ......., ....

STATE OF MAINE
KNOX, ss

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-97-066
NML K.O-5A 200v

STATE OF MAINE,

v.

ROBERT CALDERWOOD,

Defendant

DECISION AND ORDER ON
MOTION TO REVOKE
PROBATION

DONALD L. GARBRECHT
LAW LIBRARY

MAY 8 2002

In the motion to revoke probation, the State alleged that the defendant violated the conditions of his probation because he failed "to pay restitution in the maximum amount of $188,000.00 for the benefit of Ferraiolo Construction Company." The conditions of the defendant's probation provide that the defendant will "pay restitution in the maximum amount of $188,000.00" and that the defendant will pay "at least 10% of gross income to go toward restitution." See Conditions of Probation dated 11/7/97. At the hearing on the motion to revoke, the parties stipulated that the defendant has paid 10% of his gross income. No testimony or other evidence was presented.

The defendant contends that the conditions of his probation are ambiguous and conflicting. He argues that because the judge circled the word "maximum" on condition 18 of the probation conditions, the defendant is required to pay only 10% of his gross income toward restitution, pursuant to condition 26, which he has done. The transcript of the sentencing proceeding held on November 7, 1997 makes clear that one of the primary goals of the sentencing justice was to make the victim of this crime whole. See Transcript at 37, 39, 40, 41. In fact, the sentencing justice advised the defendant that debt incurred by fraud was not dischargeable in bankruptcy. See

Transcript at 37. The sentencing justice stayed execution of the sentence to give the defendant an opportunity to, among other things, begin restitution payments. See Transcript at 41. The sentencing justice stated: "I'll require restitution up to, I believe the State said $188,000 - I'm not sure that is the figure - up to $188,000. I'll direct that the defendant diligently apply himself toward that. Maybe he won't arrive at that. I'll require that at least 10% of his gross income be directed toward restitution and more if deemed appropriate by the probation officer." See Transcript at 38.

Based on a fair reading of the conditions of probation and the sentencing transcript, the defendant was required to apply himself diligently toward the goal of paying $188,000.00 in restitution and to pay a minimum of 10% of his gross income toward that amount. Accordingly, this matter will be set for further hearing based on this decision and order.

The clerk is directed to incorporate this decision and order into the docket by reference.

Date: May 1, 2002

Nancy Mills,
Chief Justice, Superior Court

State's Attorney:
Geoffrey Rushlau, Esq.
District Attorney
62 Union Street
Rockland, ME 04841-2836
594-0424

Defendant's Attorney:
James Strong, Esq.
PO Box 56
Thomaston, ME 04861
354-0915